IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY D. JONES, )
 )
       Plaintiff, )
 )
vs. ) CIVIL NO. 07-cv-44-MJR
 )
OFFICER GARDNER, *et al.*, )
 )
       Defendants. )

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      Plaintiff, an inmate at the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive and monetary relief for allegedly being denied adequate medical care and for being issued false disciplinary tickets violations of his Eighth and Fourteenth Amendment rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff's complaint refers to a prior civil action, *Jones v. Walker*, No. 3:06-cv-330-MJR-DGW (S.D. Ill.), which he filed in this Court and which is currently pending before it. In that prior case, Plaintiff alleged that, while confined in the Menard Correctional Center, he was denied adequate medical care for several ailments in violation of his Eighth Amendment rights. One of the medical problems Plaintiff complained about in the prior action was described by this Court in its threshold review order as "painful bone callouses." *Jones v. Walker*, No. 3:06-cv-330-MJR-DGW (S.D. Ill., Memorandum and Order filed May 18, 2007). The Court further stated that "[l]eft untreated, the callouses cause [Plaintiff] great pain and difficulty walking." *Id*. Based on the allegations of the complaint, the Court found that Plaintiff had adequately alleged that the Defendants had been deliberately indifferent to his serious medical needs.[1] *Id*.

The allegations of the instant complaint concern events occurring after the denial of medical care alleged in *Jones v. Walker*, No. 3:06-cv-330-MJR-DGW (S.D. Ill.), and after that case was filed with the Court. Specifically, Plaintiff alleges that in September 2006, Defendant Gardner twice denied Plaintiff access to adequate medical care "after doctors made several attempts to comply to [sic] requests to [sic] needed medical care . . . [concerning] a progressively worse limp."[2] Plaintiff contends that Defendant Gardner refused him access to doctors despite Plaintiff possessing "call

---

[1]In a motion for summary judgment currently pending before the Honorable Donald G. Wilkerson, United States Magistrate Judge, Defendant Feinerman downplays the seriousness of this medical condition. *Jones v. Walker*, No. 3:06-cv-330-MJR-DGW (S. D. Ill., Motion for Summary Judgment filed September 2, 2008).

[2]A reasonable inference to draw from the complaint and attached exhibits is that the "progressively worse limp" is due to the untreated callouses.

passes" for medical appointments.

Additionally, Plaintiff alleges that Defendant Gardner issued him a false disciplinary ticket for insolence and threats in an attempt to "cover-up" Gardner's alleged interference with Plaintiff's medical care. As a consequence, it appears that Plaintiff was found guilty of the disciplinary charges and transferred to administrative segregation for 30 days. Plaintiff asserts that Defendants Maue and Moore signed the disciplinary ticket knowing that the charges were false. Defendant Maue is additionally alleged to have "colluded in contriving false information in attempt to conceal the effects of denied medical care." Plaintiff contends that Defendant Condor "was informed of staff misconduct, but refused to intervene" and that Defendant Summers refused to respond to his grievances.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendant Gardner for allegedly denying Plaintiff adequate medical care in violation of Plaintiff's Eighth Amendment rights.
>
> **COUNT 2:** Against Defendants Gardner, Maue, and Moore for allegedly issuing Plaintiff a false disciplinary ticket to "cover up" Defendant Gardner's denial of medical care all in violation of Plaintiff's rights to Due Process of Law under the Fourteenth Amendment.
>
> **COUNT 3:** Against Defendants Condor and Summers for allegedly failing to respond to Plaintiff's grievances concerning Counts 1 and 2 in violation of Plaintiff's rights to Due Process of Law under the Fourteenth Amendment.

## DISCUSSION

Count 1 of the complaint, asserting that Defendant Gardner denied Plaintiff adequate medical

care for his foot problem in violation of the Eighth Amendment, survives review under § 1915 and should not be dismissed at this time.

Count 2 of the complaint, claiming that Defendants Gardner, Maue, and Moore issued Plaintiff a disciplinary ticket that they knew was false in order to "cover-up" the denial of medical care by Defendant Gardner, however, should be dismissed pursuant to § 1915A. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for 30

days. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit. Having determined that the Due Process Clause of the Fourteenth Amendment affords Plaintiff no protection from being placed in disciplinary segregation for 30 days, Plaintiff's claim that the underlying disciplinary ticket is "false" is unavailing.[3] That is, because Plaintiff was not deprived of a liberty interest protected by the Due Process Clause, the reasons for the disciplinary action - whether the disciplinary ticket was true or false - make no difference.[4] Therefore, Count 2 should be dismissed.

Count 3 of the complaint against Defendants Condor and Summers should also be dismissed pursuant to § 1915A. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures (or to reply to a prisoner's grievance) does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Additionally, these Defendants are not personally responsible for constitutional violations within the prison system solely because they learned of it through the grievance system. *See Crowder v.*

---

[3]Had Plaintiff been deprived of good time credits - something that inmates do have a protected liberty interest in - his claim that the disciplinary ticket was false would still be barred unless and until he had the disciplinary action overturned in an appropriate proceeding. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (prisoner's claim for damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983).

[4]The Court notes that nothing in the complaint indicates that the disciplinary ticket was issued in retaliation for Plaintiff exercising his First Amendment rights.

*Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

## DISPOSITION

Plaintiff's claims in Counts 2 and 3 of the complaint are **DISMISSED** with prejudice pursuant to 28 U.S.C § 1915A.

Because there are no claims remaining against them, Defendants Maue, Moore, Summers, and Condor are **DISMISSED** from this action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **Gardner**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **Gardner** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service,

should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 6th day of November, 2008.**

                                              **s/ Michael J. Reagan**
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**