IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY D. JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:07-CV-00044-DGW |
| OFFICER SEAN GARNDER, | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is a Motion to Set Aside Verdict filed by Plaintiff Gregory D. Jones (Doc. 78) and a Response filed by Defendant Officer Sean Gardner (Doc. 82).

Plaintiff Gregory D. Jones, an inmate in the Pontiac Correctional center, brought this action pursuant to 42 U.S.C. §1983 against Defendant Officer Sean Gardner for deprivation of Plaintiff's constitutional rights. Plaintiff sought damages and injunctive relief for being denied adequate medical care in violation of his Eighth Amendment Rights (Doc 1).

After a two-day jury trial on October 19, 2010, the jury returned a verdict in favor of Defendant Gardner and against Plaintiff (Doc. 77). Plaintiff now moves to set aside the jury verdict due to ineffective assistance of counsel and prejudice due to his being a convicted felon in custody (Doc. 78).

Plaintiff's motion does not specify which Federal Rule of Civil Procedure he was proceeding under. Therefore, this Court construes the motion under Rule 59(a) for a new trial or to alter or amend a judgment.

District courts may grant a new trial only where the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party. *Tapia v. City of Greenwood*, 965 F.2d 336, 338 (7th Cir. 1992). In determining whether

to grant a new trial, a jury verdict must be accorded great deference and set aside only when there is no reasonable basis in the record for it. *Foster v. Continental Can Corp.*, 783 F.2d 731, 735 (7th Cir. 1986). The evidence must be viewed in the light most favorable to the prevailing party, and issues of credibility and weight of evidence are within the purview of the jury. *Carter v. Chicago Police Officers,* 165 F.3d 1071, 1079 (7th Cir. 1998).

*Ineffective Assistance of Counsel*

Plaintiff first asks the Court to set aside the jury verdict due to ineffective assistance of counsel. However, Plaintiff represented himself in this action. It is well established that civil litigants do not have a constitutional or statutory right to counsel. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995); *see also Wolfolk v. Rivera,* 729 F.2d 1114, 1119 (7th Cir. 1984)(the Sixth Amendment's guarantee of effective assistance of counsel does not apply in civil cases. *Wolfolk v. Rivera,* 729 F.2d 1114, 1119 (7th Cir. 1984); *Hutcherson v. Smith,* 908 F.2d 243, 245 (7th Cir. 1990) ("it is a well-established principle of law that there is, in general, no constitutional or statutory right to effective assistance of counsel in civil cases").

Since Plaintiff was not represented by counsel and had no constitutional or statutory right to counsel in this action, his request to set aside the jury verdict on the basis of ineffective assistance of counsel fails.

*Prejudice Due to Status of Convicted Felon in Custody*

Plaintiff further contends that he was prejudiced due to the fact that he is a convicted felon in custody. There is a constitutional right to a fair trial in a civil case, but a new trial will not be ordered unless there was an error that caused some prejudice to the substantial rights of the parties. *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993). Evidence of prior

convictions is admissible in a civil case to impeach the credibility of the plaintiff as long as it does not pose a danger of unfair prejudice. *Wilson v. Groaning*, 25 F.3d 581, 586 (7th Cir. 1994). The impact of such evidence can be minimized by eliciting testimony regarding the conviction only on direct examination without questions or comments on cross-examination. *Id.* The impact of evidence of current incarceration can also be minimized to protect the plaintiff from prejudice. *See Bustamante v. Thedford*, 1995 WL 480829, at *3 (N.D. Ill. Aug. 11, 1995) (inmate appeared at trial in civilian clothes instead of prison uniform); *Harrell v. Israel,* 672 F.2d 632, 634 (7th Cir. 1982) (jurors were brought into the courtroom only once inmates were seated at the counsel table or in the witness box); *U.S. v. Fountain*, 768 F.2d 790, 794 (7th Cir. 1985) (curtains at the counsel table hid the inmate's shackles from the jury's view); *Dupree v. Laster,* No. 02-cv-1059-DRH, 2008 WL 5381949, at *1 (S.D. Ill. Dec. 23, 2008) (inmate was not prejudiced by his leg shackles when the bailiff stated no one on the jury saw the shackles). Finally, the Court can protect the plaintiff from juror bias by striking jurors who are related to one of the parties, who have a financial interest in the proceedings, and who state they cannot fairly and impartially apply the law to the facts in the case. *See Christiansen v. Inman*, 98 Fed.Appx. 521, 524 (7th Cir. 2004).

At no time during the trial was Plaintiff's conviction or length of his sentence ever entered into evidence by defense counsel. Plaintiff appeared in trial wearing civilian clothes, rather than his prison uniform. In addition, the Court took steps to ensure that Plaintiff's movement throughout the courtroom was restricted to instances when the jury was outside the courtroom and verified that Plaintiff's leg restraints were concealed by table skirts at counsel table at all times. Moreover, the Court conducted a thorough voir dire to ensure that all jurors could fairly and impartially apply the law to the facts in this case.

In conclusion, the Court finds that there is no reasonable basis to set aside the jury's verdict. Accordingly, Plaintiff's Motion to Set Aside Verdict (Doc. 78) is **DENIED**.

**DATED: March 7, 2011**

_/s/ Donald Wilkerson_
**DONALD G. WILKERSON**
**United States Magistrate Judge**